IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAN-BUNKERING (AMERICA) INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3: 20-cv-3341-S-BT | |
| § | | |
| ICHOR OIL, LLC, ET AL., § | | |
| § | | |
| Defendant and Garnishees. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dan-Bunkering (America) Inc. filed separate motions for default judgment (ECF Nos. 26 & 28) in this *quasi in rem* proceeding under Supplemental Rule B for Certain Admiralty and Maritime Claims. For the following reasons, the District Court should GRANT the motions and enter a default judgment against each of Defendant Ichor Oil, LLC, and Garnishee B & G Futures Inc., consistent with these Findings, Conclusions, and Recommendation.

**Background**

Plaintiff Dan-Bunkering filed this case on November 8, 2020. Verified Compl. (ECF No. 1). In its Verified Complaint, Dan-Bunkering alleges that it is in the business of providing marine fuel to ocean-going vessels in Texas and throughout the world. *Id.* 2. Defendant Ichor sells various types of petroleum products, including marine fuel. *Id.* In August 2019, Ichor agreed to sell 110,000 barrels of marine fuel to Dan-Bunkering. *Id.* On August 26, 2019, Dan-Bunkering

1

wired $500,000.00 to Ichor as an initial payment on the fuel. *Id.*; Stanley Aff. (ECF No. 29-1). Ichor never delivered the fuel.

According to Dan-Bunkering, Ichor entered into a contract with Garnishee B&G Futures to sell 110,000 barrels of fuel to Ichor Oil. *See* Stanley Aff. On August 29, 2019, Ichor wired $350,000.00 to B&G Futures' lawyer's client trust account for the benefit of B&G Futures. *Id.* B&G Futures failed to provide the oil to Ichor, thus rendering Ichor unable to fulfill its contract with Dan-Bunkering. *Id.*

On November 10, the Court authorized issue of writs of maritime attachment and garnishment. Order (ECF No. 9). Dan-Bunkering served the writ on B&G Futures, and—after B&G Futures failed to respond—Dan-Bunkering obtained an entry of default (ECF No. 23) against B&G Futures on January 6, 2021. Dan-Bunkering also served the summons and a copy of the complaint on Ichor. After Ichor failed to respond, Dan-Bunkering obtained an entry of default (ECF No. 25) against Ichor on January 15, 2021. To date, no attorney has appeared on behalf of Ichor or B&G Futures.

Dan-Bunkering now requests that this Court enter default judgment against Ichor in the amount of $521,265.10, which represents the funds paid to Ichor for fuel that was never delivered, plus $21,265.10 in attorneys' fees pursuant to Texas Civil Practice and Remedies Code Section 38.001, and costs. Mot. (ECF No. 26); Pl.'s Br. 1 (ECF No. 27); Jensen Aff. 2 (ECF No. 27-1). Dan-Bunkering further requests that this Court enter default judgment against B&G Futures in the amount of $350,000.00, which represents the money Ichor paid B&G Futures—with the

money Ichor received from Dan-Bunkering—for the fuel oil that B&G Futures never delivered or provided. Mot. (ECF No. 28); Stanley Aff. More than twenty-one days have passed since Dan-Bunkering filed its motion against B&G Futures and 80 days have passed since it filed its motion against Ichor. Neither Ichor nor B&G Futures filed a response. Accordingly, the Court considers the motions without the benefit of a response.

## Legal Standards and Analysis

Rule 55 governs applications for default and default judgment. Fed. R. Civ. P. 55. Obtaining a default judgment requires three steps: (1) default by the defendant; (2) entry of default by the Clerk's office; and (3) entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when a defendant has failed to plead or otherwise respond within the time required by the Federal Rules of Civil Procedure. *Id.* The Clerk will enter a default when the party's default is established by an affidavit or otherwise. *Id.* (citing Fed. R. Civ. P. 55(a)). After the entry of default, a plaintiff may apply to the court for a default judgment. *Id.*

Default judgment is a drastic remedy, resorted to only in extreme situations. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (citations omitted). However, it is a remedy generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (4th ed.)). To determine whether to enter default judgment, a

court should examine: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good-faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2685 (2d ed. 1983)). After considering Dan-Bunkering's Verified Complaint, the motions for default judgment, the materials supporting each motion, and the applicable law, including the *Lindsey* factors, the Court recommends entering default judgment against each of Ichor and B&G Futures.

Here, there are no material issues of fact; rather, because of Ichor's and B&G Futures' default, the Court takes as true the facts as Dan-Bunkering alleges them. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted); *accord Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, 2017 WL 373478, at *2 (N.D. Tex. Jan. 26, 2017). Additionally, there is no substantial prejudice against Ichor or B&G Futures. Ichor was properly served with a summons and a copy of the Verified Complaint; the grounds for default against Ichor are clearly established; and the Clerk properly entered default against it. Similarly, B&G Futures was properly served with a writ of maritime attachment and garnishment; the grounds for default against B&G Futures are clearly established; and the Clerk properly entered default against B&G Futures. There is

nothing before the Court indicating that either Ichor's or B&G Futures' failure to appear was a good-faith mistake or the result of excusable neglect. And entering default judgment against a defendant or a garnishee, who has taken no action to respond to such a suit, is not "harsh." *Verch v. White Rock Sec. Group, LLC*, 2020 WL 4550419, at *2 (N.D. Tex. June 30, 2020) (Rutherford, J.) (citing *Joe Hand*, 2017 WL 373478, at *2), *adopted by* 2020 WL 4530716 (N.D. Tex. Aug. 6, 2020) (Scholer, J.). Ichor and B&G Futures each have had ample time to respond to Dan-Bunkering's allegations, which mitigates the harshness of a default judgment. The pleadings also sufficiently support a default judgment, and the Court can devise a remedy without a hearing. The Court would not feel obligated to set aside a default on Ichor's or B&G Futures' motion.

All factors considered by courts in determining whether to grant default judgment have been satisfied. Accordingly, this Court should GRANT Dan-Bunkering's motions for default judgment (ECF Nos. 26 & 28) in their entirety. The Court should enter a default judgment against Ichor Oil, LLC, and in favor of Dan-Bunkering (America) Inc., in the amount of $521,265.10. The Court also should enter a default judgment against B & G Futures Inc., and in favor of Dan-Bunkering (America) Inc., in the amount of $350,000.

**SO RECOMMENDED.**

**SIGNED:** April 12, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).