# United States District Court
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| DAN-BUNKERING (AMERICA), INC. § | |
| § | |
| v. § | CIVIL ACTION NO. 3:20-CV-03341-S-BT |
| § | |
| ICHOR OIL, LLC, et al. § | |

### MEMORANDUM OPINION AND ORDER

In this *quasi in rem* action under Supplemental Rule B for Certain Admiralty and Maritime Claims, Garnishee B&G Futures, Inc. ("B&G") seeks to set aside a default judgment in favor of Plaintiff Dan-Bunkering (America), Inc. ("DBA") and to dissolve several related post-judgment writs of garnishment against it. Specifically, B&G contends the default judgment is void because the Court lacked personal jurisdiction over B&G as DBA failed to strictly comply with the applicable rules for service of process. *See* FED. R. CIV. P. 4(c), (h), (l). B&G asks the Court to set aside the default judgment and to dissolve all post-judgment writs of garnishment against B&G's accounts because DBA cannot collect on a void judgment. *See* TEX. R. CIV. P. 664(a). As explained below, the Court finds and concludes that, on the date the Court entered the default judgment, the record did not affirmatively show strict compliance with the rules relating to service of process under applicable state law. Therefore, the Court lacked personal jurisdiction over B&G, and the default judgment cannot stand. Accordingly, the Court **GRANTS** B&G Futures, Inc's Motion to Vacate Default Judgment ("Motion") [ECF No. 55] under Federal Rules of Civil Procedure 55(c) and 60(b) and B&G Futures, Inc.'s Motion to Dissolve or Modify All Writs of Garnishment Relating to B&G Futures ("Dissolve Motion") [ECF No. 66] (collectively, "B&G's Motions"); **VACATES** Default Judgment Against Garnishee B&G Futures Inc. [ECF No. 37];

1

and **DISSOLVES** the post-judgment writs of garnishment against B&G's accounts [ECF Nos. 40, 42, 47, 48, 49, 50, 56].

## I. BACKGROUND

DBA brought this civil action against Ichor Oil, LLC ("Ichor") requesting the issuance of writs of maritime attachment and garnishment as to B&G and others in connection with the sale of maritime fuel from Ichor to DBA. Compl. [ECF No. 1]; *see* Supplemental Rule B *in* FED. R. CIV. P (supplemental rules for certain admiralty and maritime claims). DBA moved for the issuance of process of maritime attachment and garnishment for Ichor's property and assets held by garnishees in the Northern District of Texas. ECF No. 3. The Court granted DBA's motion and ordered "any person claiming an interest in the property attached or garnished . . . shall, upon application to the Court, be entitled to a prompt hearing at which [DBA] shall be required to show why the garnishment should not be vacated or other relief granted." Order [ECF No. 9] at 2. The Court also noted "initial service" must be by "the United States Marshal or other designated process server upon each garnishee." *Id.*

Following the Court's Order, DBA requested the clerk issue a writ of maritime attachment and garnishment to B&G ("Writ"), alleging B&G held $350,000 of Ichor's money. ECF No. 19. The Court issued the Writ. ECF No. 20. And DBA attempted to serve process of the Writ on B&G. Resp. [ECF No. 58] at 2.

B&G is an Ohio corporation that is registered to do business in Texas. *See id.* It registered an agent for service of process with the Texas Secretary of State ("SOS"). *Id.* In this case, DBA first attempted to serve B&G's registered agent on December 7, 2020. *Id.* However, the process server failed to locate the registered agent at the address on file with the SOS. *Id.* Accordingly, DBA served the SOS as B&G's "agent for service of process under the circumstances set forth in

2

Section 5.251 of the Texas Business Organizations Code" ("TBOC"). *Id.*; *see* TEX. BUS. ORGS. CODE § 5.251.

On December 10, 2020, DBA filed an "Affidavit of Service" from its process server as "Writ of Garnishment as to B&G Futures, Inc. Returned Executed on 12/9/2020." Aff. [ECF No. 21]. In the affidavit, the process server stated he "delivered true duplicate copies of this [Writ] together with [the] Verified Complaint with Request for Issue of Process of Maritime Attachment and Garnishment, Order and Plaintiff's Interrogatories to Garnishee B&G Futures, Inc. and Due Diligence Certificate" to B&G by delivering the documents to the SOS on December 9, 2020. *Id.* B&G failed to answer, appear before the Court, or respond in any way to the Writ until July 18, 2021.

In the meantime, on January 5, 2021, DBA requested and obtained a Clerk's entry of default against B&G. *See* ECF No. 24. On March 20, 2021, DBA moved for default judgment against B&G [ECF Nos. 28, 29], which the Court entered on May 5, 2021 [ECF No. 37]. Following entry of the default judgment, DBA applied for and obtained several "Post-Judgment Writ[s] of Garnishment" against multiple B&G accounts at various institutions. ECF Nos. 39, 42, 46, 47, 48, 49, 50, 56.

On July 18, 2021, B&G made its first appearance before this Court and filed the pending motion to vacate the default judgment. In its motion, B&G argues DBA failed to exercise reasonable diligence to serve B&G's registered agent before serving the SOS, and DBA never filed, before the Court entered default judgment, an affidavit of such reasonable diligence or a *Whitney* certificate[1] affirming the SOS forwarded the service of process to B&G. *Id.* at 8-22. In its response, filed on July 30, 2021, DBA purports to illustrate its reasonable diligence before

---

[1] A *Whitney* certificate is issued by the SOS after it forwards process to a corporation by certified mail, and conclusively establishes that process was served. *See* Section III. B., *infra*.

3

serving the SOS, and for the first time, provides the Court with an affidavit of such diligence and a *Whitney* certificate from the SOS. *Id.* at 2-5; *see* ECF No. 58-1 (DBA's Due-Diligence Affidavit); *see also* ECF No. 58-2 (DBA's *Whitney* Certificate). DBA further argues that, regardless of service of process, the default judgment is valid because B&G's motion is untimely; B&G had actual notice of the writ and entry of default; B&G's default was willful; and B&G failed to provide a meritorious defense. *Id.* at 5-11. B&G filed a reply on August 9, 2021 [ECF No. 60], in which it abandons its argument that DBA failed to use reasonable diligence to serve B&G's registered agent. *Id.* at 5. However, B&G continues to argue DBA failed to provide proof of such reasonable diligence and a *Whitney* certificate before obtaining a default judgment. *Id.* at 5-9. Accordingly, B&G argues, the default judgment is void and DBA's other arguments are meritless. *Id.* at 9-15.

B&G also filed the current motion to dissolve the post-default-judgment writs on August 31, 2021. B&G argues the default judgment is void and, as consequence, any related writs should be dissolved. *Id.* at 2-3; *see* TEX. R. CIV. P. 664a. In its response filed September 9, 2021 [ECF No. 67], DBA contends it has a valid judgment that has yet to be vacated and therefore the writs are proper. *Id.* at 3. B&G filed a reply on September 14, 2021. [ECF No. 68]. No party disputes the post-judgment writs are invalid if the default judgment is vacated. *See* Diss. Mot. 2-3; *see also* Diss. Resp. 3.

B&G's Motions are fully briefed and ripe for determination.

## II. LEGAL STANDARD

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Under Rule 60(b), a district court can order relief from a final judgment if "the judgment is void." FED. R. CIV. P. 60(b)(4). Generally,

4

there is "no timeliness requirement applicable to a Rule 60(b)(4) motion." *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir. 1988); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 524 n.23 (explaining that the "reasonable time" limitation of Rule 60(c)(1) does not apply to motions under Rule 60(b)(4), such that even a two-year delay did not bar a personal jurisdiction challenge to default judgment).

"When service of process is improper, the default judgment is void, and the district court *must* grant a Rule 60(b)(4) motion for relief from it." *Black v. Wells Fargo Home Mortg.*, No. 3:16-cv-2719-M-BT, 2018 WL 3747919, at *2 (N.D. Tex. July 9, 2018) (emphasis in original) (internal quotations omitted) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002)), *rec. accepted* 2018 WL 3743907 (N.D. Tex. Aug. 7, 2018); *Bludworth*, 841 F.2d at 649 ("When, however, a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4), the district court *must* set it aside, regardless of whether the movant has a meritorious defense." (emphasis in original) (internal citations omitted)).

A federal court lacks personal jurisdiction over a defendant unless the defendant was served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 4. A plaintiff can effectuate service of process in any manner permissible within the forum state. *Id.* 4(e)(1). Therefore, the Court must evaluate propriety of service under Texas law. *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (quoting *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).

Texas law requires "that strict compliance with the rules for service of process affirmatively appear on the record in order for a default judgment to withstand a direct attack." *Watkins v. Markel Ins. Co.*, No. 3:18-cv-3328-L, 2019 WL 2330761, at *3 (N.D. Tex. Apr. 17, 2019) (internal quotations omitted) (quoting *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152

5

(Tex. 1994)). Texas does "not indulge in any presumptions in favor of valid issuance, service, or return of citation. *Allodial Ltd. P'ship v. Susan Barilich, P.C.*, 184 S.W.3d 405, 408 (Tex. App.—Dallas 2006, no pet.) (citing *Primate*, 884 S.W.2d at 152). Texas also does not make inferences of jurisdictional facts. *Id.* at 408 (citation omitted). Therefore, "at the time default was entered," the record must affirmatively show "that citation was properly served." *Le Nguyen v. Lopez*, 582 S.W.3d 468, 471 (Tex. App.—Amarillo 2018, no pet.), *rev'd on other grounds*, 2018 WL 5093286 (Tex. App.—Amarillo Oct. 18, 2018) (en banc).

### III. ANALYSIS

Here, the record did not affirmatively show DBA properly served B&G at the time default was entered. Therefore, the default judgment is void and any related post-default-judgment writs of garnishment are improper.

#### A. *Reasonable Diligence in Attempting to Serve Registered Agent*

B&G is an active Ohio corporation. Mot. 4. Under Texas law, a foreign corporation is required to continuously maintain a registered agent for service of process and a registered office with the SOS.[2] TEX. BUS. ORGS. CODE § 5.201. If the registered agent cannot with reasonable diligence be found at the registered office, the SOS is an agent for service of process on the corporation. *Id.* § 5.251(1)(B). To effectively serve a foreign corporation through the SOS, Texas law "requires the record to affirmatively show that the plaintiff used reasonable diligence in attempting to serve the registered agent at the registered office *before* undertaking substituted service on the [SOS]." *Nat'l Multiple Sclerosis Soc'y v. Rice*, 29 S.W.3d 174, 176 (Tex. App.—Eastland 2000, no pet.).

---

[2] This action was filed in the Northern District of Texas and the Writ was issued for property or assets in B&G's possession within the Northern District of Texas. *See* Compl.; *see also* Writ. Therefore, Texas is the forum state for service of process. Neither party disputes this. *See* Mot.; *see also* Resp.

6

Here, DBA provided a Due-Diligence Affidavit as proof of its reasonable diligence in attempting to serve B&G's registered agent at his registered office. However, DBA filed this required proof for the first time in support of its response to B&G's motion to vacate the default judgment. Thus, it failed to file the required proof before undertaking service on the SOS. And this proof was absent from the record at the time the Clerk entered the default and the Court entered the default judgment. Accordingly, the record did not affirmatively show that DBA had properly served B&G at the time default was entered.

### B. *Filing a Whitney Certificate Before Obtaining Default Judgment*

Under Texas law, service of process on the SOS is accomplished by delivering duplicate copies of the process and paying any required fee. *See* TEX. BUS. ORGS. CODE § 5.252. After service on the SOS, the Secretary forwards the process to the corporation by certified mail with a requested return receipt. *See id.* § 5.253. After forwarding the process, the SOS issues a certificate of service, which conclusively establishes that process was served. *El Paisano Nw. Hwy., Inc. v. Arzate*, No. 05-12-01457-CV, 2014 WL 1477701, at *4 (Tex. App.—Dallas Apr. 14, 2014, no pet.) (citing *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (per curiam)). This certificate, commonly known as a *Whitney* certificate, establishes that the Court has personal jurisdiction over the party served. *See G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 819 (Tex. App.—Houston [1st Dist.] 1996, no writ) (citing *Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 96 (Tex. 1973)); *MC Phase II Owner, LLC v. TI Shopping Ctr., LLC*, 477 S.W.3d 489, 492-93 (Tex. App.—Amarillo 2015, no pet.) (citing *Whitney*, 500 S.W.2d at 96-97); *see Authentic Brands Grp. LLC v. Porter*, No. 14-16-00477-CV, 2017 WL 2960047, at *2 (Tex. App.—Houston [14th Dist.] July 11, 2017, no pet.); *see also Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850 (Tex. 2007).

7

"[W]ithout such a showing," the trial court lacks "jurisdiction over the defendant." *MC Phase*, 477 S.W.3d at 492 (citing *Whitney*, 500 S.W.2d at 96); *Alwazzan v. Alwazzan*, 596 S.W.3d 789, 844 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Whitney*, 500 S.W.2d at 95-96 ("holding that, in cases involving substituted service on Texas Secretary of State, record must contain showing that Secretary of State forwarded copy of process to defendant to establish personal jurisdiction over defendant.")). A *Whitney* certificate from the SOS satisfies proof of service. *Campus*, 144 S.W.3d at 466; *MC Phase*, 477 S.W.3d at 493.

In this case, DBA first filed its *Whitney* certificate, establishing service of process on B&G through the SOS, in support of its response to B&G's motion to vacate the default judgment. However, at the time the Court entered the default judgment, there was no showing in the record that B&G was served. In the absence of a *Whitney* certificate, the Court lacked personal jurisdiction over B&G. *Id.* Therefore, the Court improperly entered default judgment against B&G, and the default judgment must be set aside. That DBA later filed a *Whitney* certificate does not change this result. *Id.* & n.7 (holding "a trial court does not have personal jurisdiction over the foreign defendant unless a *Whitney* certificate is part of the record" and vacating the default judgment even when certificate was filed in the record after the trial court had granted the default judgment).

### C. *Default Judgment's Validity Without Proper Service*

DBA avers that the default judgment is valid regardless of whether service was proper because: (i) B&G's motion was untimely; (ii) B&G had actual notice of the writ and default judgment; (iii) B&G's default was willful; and (iv) B&G failed to provide for a meritorious defense. Resp. 5-11. These arguments are meritless. First, there is no timeliness requirement to a Rule 60(b)(4) motion. *See Bludworth*, 841 F.2d at 649. Second, "actual notice to a defendant,

8

without proper service, is *not* sufficient to convey upon the court jurisdiction to render default judgment against" a party. *Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 398-99 (5th Cir. 2001) (emphasis added) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)); *accord Lefcourt v. Health Enrollment Grp., Inc.*, No. 3:17-cv-2617-G, 2018 WL 3862082, at *2 (N.D. Tex. Aug. 14, 2018) ("Even if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand."). Third, a defendant has no obligation to answer—or do anything else—until it is properly served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (concluding proper service of process is "fundamental to any procedural imposition" on a defending party); *accord Duru v. Berkshire Hathaway Home Servs.*, No. 3:15-cv-324-L-BN, 2015 WL 13118199, at *2 (N.D. Tex. Aug. 27, 2015); *see also Herring v. Dall. Cnty. Schs.*, No. 3:99-cv-1538-P, 2000 WL 370623, at *2 (N.D. Tex. Apr. 11, 2000); *Paradigm Ent., Inc., v. Video Sys. Co., Ltd.*, No. 3:99-cv-2004-P, 2000 WL 251731, at *1, *4 (N.D. Tex. Mar. 3, 2000). Therefore, B&G had no duty to respond because it was not served properly, and its lack of response—even if willful—does not change the result. And finally, the lack of a meritorious defense is inapposite under the circumstances. When "a district court lacks jurisdiction over the defendant because of lack of service of process, the judgment is void and, under Rule 60(b)(4), the district court *must* set it aside, regardless of whether the movant has a meritorious defense." *Bludworth*, 841 F.2d at 649 (emphasis in original) (internal citations omitted). As shown above, the Court lacked jurisdiction over B&G because DBA failed to properly provide proof of service to the Court in strict compliance with Texas law. Therefore, the Court sets aside the default judgment [ECF No. 37].

9

### D. *Post-Default-Judgment Writs*

"A defendant whose property or account has been garnished . . . may seek to vacate, dissolve or modify the writ of garnishment . . . for any grounds or cause, extrinsic or intrinsic." TEX. R. CIV. P. 664a.[3] A writ of garnishment "shall be dissolved unless . . . the plaintiff shall prove the grounds relied upon for its issuance." *Id.*

Here, the post-judgment writs of garnishment were issued relying on the default judgment. [ECF No. 39]. Since the default judgment is now vacated, the post-default-judgment writs are also vacated.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** B&G Futures, Inc's Motion to Vacate Default Judgment and B&G Futures, Inc.'s Motion to Dissolve or Modify All Writs of Garnishment Relating to B&G Futures; **VACATES** Default Judgment Against Garnishee B & G Futures Inc.; and **DISSOLVES** the post-judgment writs of garnishment against B&G's accounts.

**SO ORDERED.**

SIGNED September 21, 2021.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**

---

[3] Federal Rule of Civil Procedure 64(a) provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."