IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| Dan-Bunkering (America) Inc., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> § <br> § <br> Ichor Oil, LLC, *et al*, § <br> § <br> Defendant and Garnishees § | CIVIL ACTION NO.: 20-cv-3341-S-BT <br><br> IN ADMIRALTY, Rule 9(h) |

## DAN-BUNKERING (AMERICA) INC.'S OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

### Background

As extensively briefed on summary judgment on the merits by both Dan-Bunkering and B&G, *see* ECF 75-86, 98-114, Dan-Bunkering paid Ichor $500,000 for marine fuel. Ichor kept $150,000 and sent $350,000 on to B&G. B&G was supposed to deliver the marine fuel to Dan-Bunkering.

Instead, B&G pocketed Dan-Bunkering's $350,000 and never delivered any marine fuel.

Dan-Bunkering served a Supplemental Rule B admiralty writ on B&G, asserting Ichor's rights to the $350,000.

The parties for now well over a year and a half – subject to the scheduling and discovery orders of this Court - have been contending over the evidence including taking discovery, Dan-Bunkering deposing B&G's principals Steve DiPietro and Tiku Vyas, B&G deposing Ichor's principal Gary Stanley.

There never has been any question that B&G knows and has known since this action began, of Dan-Bunkering's claims. B&G's Verified First Amended Answer and Counterclaim, August 5, 2021 [ECF 59] details that:

>    5.   Dan-Bunkering's claims in this suit are not maritime claims and thus do not arise in admiralty. B&G Futures acknowledges, however, that diversity jurisdiction exists under 28 U.S.C. § 1332(a) and that the Court therefore has subject matter jurisdiction of this case.
>
>    6.   Ichor Oil breached its contract with B&G Futures by failing to timely make payment in full to B&G Futures in the amount of about $5.7 million prior to delivery of the fuel oil.
>
>    7.   Ichor Oil's payment of $350,000 was for the purpose of purchasing an extension of time in which to perform by making payment of the full remainder of the purchase price to B&G Futures. Although a payment of $500,000 had been required, Ichor Oil nevertheless received that extension of time, but Ichor Oil still failed to perform.
>
>    8. B&G Futures was permitted by the terms of its contract with Ichor Oil to charge interest on the outstanding balance owed by Ichor Oil, which amount exceeds and thus fully offsets the $350,000 payment by Ichor.
>
>    9. Upon information and belief, Ichor Oil's inability to perform was caused by Dan-Bunkering's breach of its obligations to Ichor Oil and its attempt to circumvent Ichor Oil and B&G Futures in order to obtain fuel oil directly from B&G Future's source.

From that point in 2021 the parties continued on to litigate the case on the merits – on what the Magistrate's Report and Recommendations ("R&R") did correctly to be this Court's admiralty and maritime jurisdiction.

This Court at minimum now should direct this case to trial on those merits, but also, directing summary judgment against B&G's "counterclaim," as set out immediately below.

### Texas R. Civ. P. 677 Does Not Apply to Supplemental Admiralty Rule B Actions

The Magistrate's Report and Recommendations ("R&R") is in error, first, because Tex. R. Civ. P. 677 does not apply to Supplemental Admiralty Rule B actions.

This Court issued the prejudgment writ to B&G based not on Texas law, but under Federal Supplemental Admiralty Rule B, based on this Court's admiralty and maritime jurisdiction. Fed. R. Civ. P 64 does not import Texas state law (including Tex. R. Civ. P. 77) into Supplemental Rule B garnishment – which is a federal admiralty, not a state law remedy.

Fed. R. Civ. P. 64 ("Seizing a Person or Property") expressly provides in pertinent part as follows:

> (a) Remedies Under **State Law**—In General. At the commencement of and throughout an action, **every remedy** is available **that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment**. But a federal statute governs to the extent it applies.

(Emphasis added). The focus of Fed. R. Civ. P. 64 is where there is a remedy "for seizing person or property" is one begun under state law. The R&R (at 16) cites *Weisbrod Matteis & Copley, PLLC v. Manley Toys, Ltd*., No. 3:15-CV-1446-G (BF), 2015 WL 7771075, at *3 (N.D. Tex. Dec. 3, 2015), but overlooks the actual holding of that opinion:

> TEX. R. CIV. P. 677 is applicable in **state-law garnishment actions** decided by federal courts. *Walker International Holdings, Ltd. v. Republic of Congo*, 415 F.3d 413, 416 (5th Cir. 2005). "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corporation*, 302 F.3d 448, 461 (5th Cir. 2002).

(Emphasis added). Supplemental Rule B provides no basis for this Court to award attorneys fees or other costs to B&G as garnishee. *See United States v. Stone*, No. 3:07-CV-1632-P, 2008 WL 11354949, at *1–2 (N.D. Tex. Mar. 13, 2008)(considering garnishment under another federal statute, 28 U.S.C. § 3205, denying Tex. R. Civ. P. 677 request); *accord, United States v. Stewart*, No. 3:07-CV-1402-P, 2007 WL 9717701, at *2 (N.D. Tex. Dec. 21, 2007); *United States v. Swopes*, 492 F. Supp. 2d 651, 655 (W.D. Tex. 2006).

There is no Supplemental Rule B case – in Texas or anywhere else – applying state law to award costs including attorneys fees to a garnishee which for one reason or the other, avoids a Supplemental Rule B writ. That is because, again, Supplemental Rule B writs are federal admiralty, not state law garnishment actions.

Along with this, as the Bankruptcy Court for this District writes in *In re Zions First Nat. Bank v. First Nat. Bank in Pampa*, No. 294-201-FJ, 1994 WL 543047, at *4 (Bankr. N.D. Tex. Sept. 23, 1994) - - where (otherwise unlike here) there was a Texas state garnishment involved:

> The purpose of [Tex. R. Civ. P. 677] is to allow recovery of costs by an innocent third party garnishee who is a mere stakeholder. In this case, Pampa ignored the Writ and involved itself as a litigant in this matter. Its answer was contested and the court found adversely to Pampa. For these reasons, Pampa's request for attorneys fees will be denied.

Under the District Court's reasoning, the end of the Supplemental Rule B writ matter was its beginning, where Dan-Bunkering, the same day that this Court issued the Supplemental Rule B writ to Dan-Bunkering, received Ichor's assignment. But, the proceedings on summary judgment confirm that B&G is no "innocent" third party garnishee; B&G took $350,000 of the money Dan-Bunkering paid to Ichor and provided nothing to Dan-Bunkering. B&G proceeded to involve itself as a litigant in the matter, on the merits of whether it owed anything to Ichor or Dan-Bunkering.

B&G's amended counterclaim [ECF 91, at 3] is that:

> 10.   As a result of the Process, it has been necessary for Respondent to employ the undersigned attorneys to answer the Process herein and to otherwise represent it. Respondent seeks to recover its costs and its reasonable and necessary attorneys fees pursuant to Rule B(1)(e) of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeitures, Fed. R. Civ. P. 64, and Tex. R. Civ. P. 677, and also pursuant to the Court's inherent authority to sanction.

Supplemental Admiralty Rule B(1)(e) states that "**[t]he plaintiff** may invoke state-law remedies under Rule 64 for seizure of person or property for the purpose of securing satisfaction of the judgment." (Emphasis added). But of course, Dan-Bunkering invoked admiralty remedy here, Supplemental Rule B, not state law.

The Magistrate Judge did not directly address any question of "inherent authority to sanction." Dan Bunkering on summary judgment, however, made plain ( with no good faith contradiction from B&G) that [t]here is no bad faith or any other reason for this Court to exercise any inherent sanctioning authority." [ECF 99, at 10; Dan-Bunkering Reply Supporting Summary Judgment, ECF 112, at 9-11]. The Magistrate Judge did recommend that the "Cour should deny

**DAN-BUNKERING (AMERICA) INC.'S OBJECTIONS TO THE U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**                                                                                                       **PAGE 4**

any other relief not specifically granted," however; any relief on attorneys fees related only to inapplicable Tex. R. Civ. P. 677.

This Court finally should note the express wording of Tex. R. Civ. P. 677:

RULE 677. COSTS

Where the garnishee is discharged upon his answer, the **costs** of the proceeding, including a reasonable compensation to the garnishee, **shall be taxed** against the plaintiff . . . where the answer is contested, the costs shall abide the issue of such contest.

(Emphasis added). Fed. R. Civ. P. 54(d) governs taxation of costs (including attorneys fees); even if Tex. R. Civ. P. 677 applies, such costs and fees are not a counterclaim – they would be taxed pursuant to Fed. R. Civ. P. 54 and through it, L.R. 54.2

This Court therefore should not adopt the R&R concerning Tex. R. Civ. P. 677 or otherwise any costs (or attorneys fees) related to Dan-Bunkering's Supplemental Rule B admiralty writ served on B&G. This Court instead should direct summary judgment be entered against the B&G "counterclaim."

### Dan-Bunkering's Proceeding Against B&G Should Continue

Contrary to the R&R, Dan-Bunkering's proceeding, begun by the Supplemental Rule B writ served on B&G, should continue on the merits. With the writ, and on summary judgment, Dan-Bunkering argued, with supporting evidence, that Ichor owed $350,000 to Ichor. The assignment to Dan-Bunkering did not change that: B&G, admittedly present in this District, owes (as Dan-Bunkering has alleged) $350,000 to Ichor and Dan-Bunkering stands in the place of Ichor, through the assignment, to recover that money.

Supplemental Rule B(1) states:

(1) When Available; Complaint, Affidavit, Judicial Authorization, and Process. In an *in personam* action:

> (a) If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's

>tangible or intangible personal property—up to the amount sued for—in the hands of garnishees named in the process.

Ichor unquestionably was not in this District, when Dan-Bunkering moved for issue of writs, and this Court granted that motion. Nothing in Rule B requires any specific allegation against a garnishee, other than that, the garnishee is alleged to hold the defendant's property. Further as the R&R correctly observe, "[t]he clerk may issue supplemental process enforcing the court's order upon application without further court order." Supplemental Rule B(1)(b). This Court accordingly ordered (November 10, 2020, [ECF 9], *inter alia*:

>ORDERED, that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court . . .

Dan-Bunkering according to this Court's Order, and Supplemental Rule B(1)(b), requested the Clerk to issue ( and the Clerk issued) the further writ to B&G. [ECF 19].

*Egyptian Navigation Co. v. Baker Invs. Corp.*, 2008 WL 1748456, at *2-6 (S.D.N.Y. Apr. 14, 2008) is inapposite. There, the third party garnished – Adora – had been assigned the defendant's (Baker's) property, not the plaintiff. So, the property didn't belong to the defendant, it belonged to the garnishee. That was the only issue in the case – not the situation here, where, the plaintiff (Dan-Bunkering) asserts the rights of the defendant to the property (the amounts owed to B&G by Dan-Bunkering).

Similarly in *Malin Int'l Ship Repair & Drydock, Inc. v. Oceanografia, S.A. de C.V.*, 817 F.3d 241, 249 (5th Cir. 2016), the Fifth Circuit affirmed denial of motions to vacate attachment of vessel bunkers, even where the garnishee had not paid for the bunkers since, title had passed to the garnishee under the contract. That also is not the issue here: again, Dan-Bunkering is by assignment asserting its right, to moneys that B&G owes to Ichor, which Ichor has in turn assigned the right to recovery to Dan-Bunkering. B&G owed ( and owes) a debt to Ichor at the time Dan-Bunkering served the writ on B&G, that obligation assigned to Dan-Bunkering.

In error, the R&R suggests that Dan- Bunkering proceeding in garnishment under Supplemental Rule B, had to make detailed claims in Dan-Bunkering's comlaint about why B&G owed money to Ichor and thus why B&G was a proper garnishee.  But, no caselaw supports this suggestion, and again, there was never any doubt at all with B&G, or this Court (as the R&R does detail) about, the debt that B&G owed Ichor, that Dan-Bunkering garnished.

And, as far as whether B&G owes the money to Ichor, which right of recovery Ichor assigned to Dan-Bunkering, that its not a question of Rule B pleading, it is a question of proof by evidence, through summary judgment (which should be granted for Dan-Bunkering) or, at minimum at trial.   As Dan-Bunkering shows at the outset ( B&G's Verified Amended Answer, ECF 59) here, the parties disagree over whether the $350,000 was simply pocketed by B&G, or whether B&G somehow could take it "for the purpose of purchasing an extension . . . ." *Id*.  In fact the R&R itself concludes that:

> The record itself reflects anything but a "clear" debt owed by B&G to Ichor. Indeed, the summary judgment evidence demonstrates that genuine fact issues exist with respect to the essential terms of the Ichor – B&G Contract and whether either party performed or partially performed under that contract.

R&R at 16.  Its not that Dan-Bunkering didn't properly plead a debt due under Supplemental Rule B by garnishee B&G.  Its that, at minimum, B&G's obligation must be proved at trial (if this Court does not find that the Magistrate Judge in error, refused Dan-Bunkering summary judgment; there were no genuine fact issues about B&G's failure to perform, specifically, its undisputed failure to provide Dan-Bunkering with anything for Dan-Bunkering's $350,000).

Dan-Bunkering properly presented the Court – on summary judgment – properly and clearly for adjudication, namely, whether B&G owes Ichor $350,000 – the right to those funds (and to seek those funds) pursued by Dan-Bunkering under the Supplemental Rule B writ.  The funds are and were Ichor's, assigned to Dan-Bunkering with all right to recover them.

The Magistrate Judge overlooks material facts that Dan-Bunkering presented and to which on summary judgment, B&G raised no material fact disputes, that B&G provided nothing to Ichor for the $350,000 paid to B&G.

Specifically, there is no merit to B&G's judgment on the pleadings, no doubt at all (again, as the R&R details, distilling hundreds of pages of summary judgment briefing and supporting affidavits and deposition testimony) about Dan-Bunkering's claims against B&G as Supplemental Rule B garnishee.

## Conclusion

This Court accordingly should not adopt or approve the R&R.  This Court should enter summary judgment against the B&G "counterclaim" and for Dan-Bunkering on its summary judgment, also denying the B&GG "motion for judgment.

## Certification Pursuant to 28 U.S.C. § 1292(b) and Stay

Should this Court approve the Magistrate's conclusion that Tex. R. Civ. P. 677 applies in Supplemental Rule B Admiralty and Maritime garnishment and attachment actions, however, it would be the first such decision in U.S. admiralty history.  Such a decision would "involve[ ] a controlling question of law as to which there is substantial ground for difference of opinion and [ ] an immediate appeal from the order [would] materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. §1292(b).

Dan-Bunkering therefore respectfully requests that if the Court so holds, that this Court in its Order so state in writing that the decision is certified to the Court of Appeals for immediately appeal, and that further pursuant to 28 U.S.C. §1292(b) that this Court stay the proceedings pending that appeal.

Dated: March 7, 2023

.

                        Respectfully Submitted,

| | |
|---|---|
| Scott R. Wiehle | /s/ J. Stephen Simms |
| State Bar No. 24043991 | J. Stephen Simms |
| scott.wiehle@kellyhart.com | jssimms@simmsshowers.com |
| KELLY HART & HALLMAN, LLP | Simms Showers LLP |
| 201 Main Street, Suite 2500 | 201 International Circle, Suite 250 |
| Fort Worth, Texas 76102 | Baltimore, Maryland 21030 |
| | Telephone: (410) 783-5795 |
| | Facsimile: (410) 510-1789 |

                        Dan-Bunkering Counsel

## CERTIFICATE OF SERVICE

    I hereby certify that on March 7, 2023 I caused the foregoing to be filed on the Court's CM/ECF system for electronic on all counsel of record.

                                               /s/ J. Stephen Simms
                                               J. Stephen Simms