# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| DAN-BUNKERING (AMERICA), INC., | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-03341-S-BT |
| | § | |
| ICHOR OIL, LLC. | § | |

### ORDER REGARDING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") [ECF No. 121] in this case. Plaintiff Dan-Bunkering (America), Inc. ("Dan-Bunkering") filed Objections to the U.S. Magistrate Judge's Report and Recommendations ("Objection") [ECF No. 123]; Garnishee B&G Futures, Inc. ("B&G") filed its Response to the Objection [ECF No. 126]. The District Court reviewed de novo those portions of the FCR to which objections were made and reviewed the remaining portions of the FCR for plain error.

Succinctly stated, the United States Magistrate Judge issued an FCR recommending:

1. Denying Dan-Bunkering's Motion for Summary Judgment [ECF No. 98] seeking adjudication on the merits of the disputed debt underlying Dan-Bunkering's writ of maritime attachment and garnishment;

2. Denying Dan-Bunkering's Motion for Summary Judgment [ECF No. 98] on B&G's "counterclaim" for attorneys' fees;

3. Granting in part B&G's Motion for Judgment on the Pleadings [ECF No. 101] insofar as it seeks vacatur of the writ of maritime attachment and garnishment;

4. Granting in part B&G's Motion for Summary Judgment [ECF No. 104] insofar as it seeks vacatur of the writ of maritime attachment and garnishment; and

5. Denying in part B&G's Motion for Summary Judgment [ECF No. 104] seeking adjudication on the merits of the disputed debt underlying Dan-Bunkering's writ of maritime attachment and garnishment.

Dan-Bunkering filed its Objection to the U.S. Magistrate Judge's FCR, opposing the FCR and specifically arguing that:

1. The U.S. Magistrate Judge's denial of Dan-Bunkering's Motion for Summary Judgment on B&G's counterclaim is error.

2. The U.S. Magistrate Judge's recommendation of granting in part B&G's Motion for Judgment on the Pleadings, denying both parties' Motion for Summary Judgment on the merits, vacating the maritime writ of attachment and garnishment, and refusing to adjudicate the merits of the disputed debt underlying Dan-Bunkering's writ of maritime attachment and garnishment is error.

After reviewing the FCR de novo, the Court finds no error in the U.S. Magistrate Judge's finding that Dan-Bunkering's supplemental garnishment writ is deficient to support attachment, and that the Court cannot adjudicate any underlying claims that may have been presented in motions. Accordingly, the Court **ACCEPTS** the FCR by the U.S. Magistrate Judge denying Dan-Bunkering's Motion for Summary Judgment [ECF No. 98]; granting in part B&G's Motion for Judgment on the Pleadings [ECF No. 101]; and granting in part and denying in part B&G's Motion for Summary Judgment [ECF No. 104]. For the reasons explained in the FCR, neither party is entitled to an adjudication on the merits of the disputed debt underlying Dan-Bunkering's writ of maritime attachment and garnishment. However, B&G is entitled to vacatur of the writ of maritime attachment and garnishment. The Court hereby **VACATES** the Process of Maritime Attachment and Garnishment [ECF No. 20].

The Court further **ACCEPTS** the FCR by the U.S. Magistrate Judge denying Dan-Bunkering's Motion for Summary Judgment on B&G's "counterclaim" for attorneys' fees. Dan-Bunkering is not entitled to summary judgment on B&G's request for attorneys' fees—but not for the reasons set forth in the FCR. Instead, B&G clarifies in its Response to the Objection that it presented its request for attorney's fees in the form of a "counterclaim," "out of an abundance of caution," but, as B&G tacitly concedes, that request was premature. Resp. 21. Consequently, Dan-Bunkering's motion for summary judgment on that request is also premature. B&G may—but is not required to—file a request for attorney's fees at the appropriate time in accordance with applicable law. However, the Court observes that the Texas Rules of Civil Procedure do not govern maritime attorneys' fees in cases involving admiralty writs of garnishment and attachment. *See* Fed. R. Civ. P. Supp. R. B(1)(e) (noting that "[t]he *plaintiff* may invoke state-law remedies under Rule 64" (emphasis added)). Because the U.S. Magistrate Judge did not address whether B&G is entitled to attorney's fees based on any exercise of the Court's inherent authority to sanction, the Court refers that matter back to the U.S. Magistrate Judge for recommendation or determination, as appropriate.

Finally, the Court denies any other relief requested in the motions under consideration not specifically granted.

**SO ORDERED**.

SIGNED March 30, 2023.

**UNITED STATES DISTRICT JUDGE**